UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRITTANY ROBERTS,                                              **20 cv**

        Plaintiff,

                                            **COMPLAINT AND**
                                            **JURY DEMAND**

-against-


DR ROBERT RITCH individually and on behalf of
ROBERT RITCH MD LLC and ROBERT RITCH MD LLC

        Defendants.
------------------------------------------------------------X

        Plaintiff, BRITTANY ROBERTS by her attorney, STEWART LEE KARLIN, respectfully shows to this Court and alleges as follows:

### A.   Preliminary Statement

1.   This action is brought to remedy discrimination on the basis of Plaintiff's race and retaliation (African-American) in violation of 42 U.S.C. § 1981 ("Section 1981"), and race, gender and retaliation pursuant to the Executive Law § 290 et. seq. (New York State Human Rights Law or NYSHRL) and the New York City Administrative Code 8-107. (New York City Human Rights Law or NYCHRL)

2.   Plaintiff seeks compensatory and punitive damages and other appropriate relief pursuant to Section 1981, New York State and New York City Human Rights Law.

### B.   Parties

3.   Plaintiff Brittany Roberts, African-American, female (hereinafter at all times mentioned "Plaintiff or Ms. Roberts") was employed by Defendant Robert Ritch MD LLC and Plaintiff is an employee within the meaning of the New York State and New York City Human Rights Law.

4.   Defendant Robert Ritch, MD was acting individually and on behalf of Defendant Robert

Ritch MD LLC at all times relevant.  Upon information and belief, Defendant Ritch is the owner and President of Robert Ritch Md LLC and is an aider and abettor under the NYCHRL and NYSHRL.  Defendant  Robert Ritch Md LLC is an employer within the meaning of the New York State and New York Human Rights Law.  Defendant Ritch is the discriminating official acting at all times individually and on behalf of the Defendant Robert Ritch Md LLC .

### C. Jurisdiction and Venue

5. Jurisdiction over the defendants arises under a federal statute and thus jurisdiction is invoked pursuant to 28 U.S.C. 1331 (2018).  In addition, this Court has supplemental jurisdiction of the state law claims pursuant to 28 U.S. C. § 1367 (2020).

6. Venue properly lies in that the defendants reside within this District and the causes of action arose within this District 28 U.S. C. § 1391 (2014)

### D. Factual Statement

7. Ms. Roberts was an executive assistant and employed by Defendant Robert Ritch Md LLC  at all times relevant in the complaint.  At all times relevant, Plaintiff performed her responsibilities in an exemplary manner.

8. Ms. Roberts has been subjected to an intentional and continuous pattern of discrimination that has created a hostile work environment and disparate treatment due to Plaintiff being African-American which led to her termination and a hostile work environment due to her gender.

9. Plaintiff began her employment in March 2017 and was an executive assistant for Defendant Ritch who is a practicing Ophthalmologist.

10. Racial derogatory remarks were uttered on an on-going continuous basis by Dr. Ritch. Insidious racial epitaphs such as "black people are monkeys," and "niggers are stupid, " and

"you should go back to the country you came from"

11.     In addition, Ms. Roberts was referred to as "the monkey outside there" and "that she was stupid."

12.     Dr. Ritch also referred to Brittany Roberts as a "Monkey."

13.     Dr. Ritch constantly abused Ms. Roberts by yelling and screaming at her all the time.

14.     On a clinic day on Madison Avenue, Ms. Roberts was approached about her attire. She had on buttoned down tailored shirt and tweed skirt. She had worn this outfit once or twice before and was never told her outfit was inappropriate.

15.     Dr. Ritch took a picture of her that Ms. Roberts was unaware of from the waist down and sent it to Karen Cheifetz (former executive assistant). She called Ms. Roberts and told her what he had done and said there was nothing wrong with what she had on.

16.     Dr. Ritch has told Ms. Roberts several times that she had nice lips. He said when he was younger, he liked to kiss. In the past, when he went away on trips or conferences, he has asked Ms. Roberts to kiss him on the cheek.

17.     Dr. Ritch asked Ms. Roberts to take his phone out of his pocket one day at clinic because his hands were full. After she took the phone out of his pocket, he said to her " it's been a while since anyone has touched me like that."

18.     Dr. Ritch's technician and was always in the exam rooms with him. He said to find out what Dr. Silva was doing at that moment which he did. When he returned to the room with Dr. Silva, Dr. Ritch's said, "what were you busy doing, having a quickie with your wife?"

19.     Dr. Ritch also said to Dr. Luis Silber "What did you, go jerk off."

20.     Shortly thereafter, Plaintiff had a meeting with Dr. Ritch on May 20, 2020. They demanded Ms. Roberts leave by June 12th but also train her replacement.

21. The foregoing conduct occurred racial remarks were on a continuous basis.

22. Because of the foregoing conduct, plaintiff became depressed and suffered great psychological harm.

23. In sum, because of the foregoing conduct directed at Plaintiff, she was subjected to discrimination including a hostile environment due to her race and gender and a discriminatory termination due to her race (African-American), and retaliation.

24. The foregoing conduct regarding plaintiff's race, and gender was to the objective observer as well as to plaintiff (subjective) permeated with discriminatory intimidation, ridicule and insult.

25. The conduct directed at plaintiff also caused a hostile work environment.

26. The foregoing conduct were so pervasive and severe that the hostile work environment altered the terms, conditions and privileges of plaintiff's employment due to Plaintiff's race and gender.

27. The aforementioned conduct has been confirmed by coworkers. (See as Exhibit "A" the declaration of Kathleen Nachshon and Exhibit "B" the declaration of Ahmad Najafi, MD.

28. As a result of the foregoing, the Defendant, violated NY Exec L § 296 and the New York City Administrative Code 8-107 by discriminating against Plaintiff due to her race, gender and retaliation.

29. Plaintiff is seeking compensatory damages for violating 1981, the NY Executive Law and New York City Administrative Code.

30. It was readily apparent that Defendant Ritch harbored deeply rooted racist beliefs that repeatedly manifested itself during Ms. Roberts employment and misogynist views of women .

31. Plaintiff has been traumatized due to the hostile work environment and insidious

4

discriminatory and retaliatory termination.

## FIRST CLAIM FOR RELIEF- SECTION 1981

32. Plaintiff repeats and realleges paragraphs 1 through 32 as if fully set forth herein.

33. Defendants' discriminatory actions against Plaintiff, discriminatory application of its disciplinary procedures with respect to Plaintiff, creation of a hostile work environment against Plaintiff and termination of Plaintiff's employment by Defendant on account of her race violated the Civil Rights Act of 866 (42 U.S.C. § 1981) as amended by the Civil Rights Restoration Act of 1991.

34. Each of the Defendants were involved and took part in the discrimination against the Plaintiff.

35. Defendants have violated Section 1981 by depriving plaintiff of her equal rights under the law by subjecting plaintiff to disparate treatment and a hostile environment and by terminating her because she is African-American.

36. Defendants' actions deprived plaintiff of the equal right to make and enforce contracts, including her right to enjoyment of the benefits, privileges, terms and conditions of her contractual relationship with defendant Robert Ritch Md LLC .

37. Defendants knew that their actions constituted unlawful discrimination on the basis of race, African-American, (discriminatory and retaliatory termination and a hostile work environment) and/or showed reckless disregard for plaintiff's statutorily protected rights.

38. As a proximate cause of Defendants' conduct and discriminator, Plaintiff has suffered injury, harm and damages, and has had her contractual rights respecting her existing and future employment impaired, interfered with and/or terminated and Defendants have otherwise impaired and interfered with Plaintiff's right to make and enforce contracts including the making

performance, modification and termination of contracts and the enjoyment of all benefits, privileges, terms and condition of the contractual relationship. Plaintiff has suffered damages as a result of defendants' discriminatory conduct.

39. As a proximate cause of Defendants' actions, Plaintiff has suffered and continues suffering severe and lasting embarrassment, humiliation, and anguish and other incidental and consequential damages and expenses, has lost back pay, and benefits.

40. The individual defendant Ritch's conduct is shocking, outrageous, and malicious, exceeds all bounds of acceptable behavior and is intolerable in a civilized society and did the foregoing with conscious disregard for Plaintiff's civil rights thereby entitling Plaintiff to an award of punitive damages against defendants.

### SECOND CLAIM AGAINST DEFENDANTS-EXECUTIVE LAW

41. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

42. Defendant acted intentionally and with malice and reckless indifference to Plaintiff's federal, state and locally protected civil rights.

43. The Defendant Ritch, aided, abetted, incited, and compelled the aforementioned unlawful conduct in violation of New York State Executive Law § 296.

44. As a result of the foregoing, defendants violated Executive Law § 296 by subjecting plaintiff to discriminatory treatment (hostile work environment) due to her race (African-American) and gender (female) and discriminatory termination due to her race (African-American).

45. As a result of defendants violating the Executive Law, plaintiff has been damaged.

## THIRD CLAIM AGAINST DEFENDANTS-NYCHRL

46. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. As a result of the foregoing, defendants violated the NYCHRL by subjecting plaintiff to discriminatory treatment (hostile work environment) due to her race (African-American) and gender (female) and discriminatory termination due to her race (African-American). As a result of defendant violating the NYCHRL, plaintiff has been damaged.

48. The Defendant Ritch, aided, abetted, incited, and compelled the aforementioned unlawful conduct in violation of the NYCHRL.

49. As a result of defendant violating the New York City Administrative Code, plaintiff has been damaged including pain and suffering, back pay lost benefits and other damages.

50. The individual defendant Ritch's conduct is shocking, outrageous, and malicious, exceeds all bounds of acceptable behavior and is intolerable in a civilized society and did the foregoing with conscious disregard for Plaintiff's civil rights thereby entitling Plaintiff to an award of punitive damages against defendants.

WHEREFORE, Plaintiff respectfully requests a judgment against Defendants as follows:

1. Judgment for all past salary owed and benefits lost retroactively;

2. Judgment for pain and suffering and other damages;

3. A declaration that Plaintiff's civil rights have been violated, that she has lost her position due to race and retaliation,

4. Punitive Damages against the Defendants;

5. A reasonable attorney fees plus the costs and disbursements of this lawsuit, and such additional relief as this Court may deem just and proper under the circumstances.

**PLAINTIFF HEREIN DEMANDS A JURY TRIAL**

Dated: New York, New York
      November 20, 2020

                                      Respectfully submitted,

                                      /Stewart Lee Karlin
                                    STEWART LEE KARLIN
                                    Attorney for Plaintiff
                                    111 John Street, 22nd Floor
                                    New York, NY 10038
                                    (212) 792-9670